O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) ) | Case No. EDCV 10-00288 VAP |
|---|---|---|
| Plaintiff, | ) ) ) | **EDCR 01-00018 VAP** |
| v. | ) ) | **ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255** |
| PETER JAMES HOLLER, | ) ) | |
| Defendants. | ) ) | |

## I. SUMMARY OF PROCEEDINGS

On February 23, 2010, Defendant filed a "Motion for Relief under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." ("Mot."). On October 28, 2010, the Government filed its Opposition to the Motion to Dismiss ("Opp'n"), accompanied by the Declaration of Jennie Wang and attached exhibits. On April 7, 2011, Defendant filed a Reply.

## II. BACKGROUND

On February 14, 2001, a federal grand jury in this district returned a two-count indictment charging Defendant with: (1) conspiracy to possess narcotics with intent to distribute, in violation of 21 U.S.C. § 846; and (2) and attempted possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). (United States v. Holler, ED CR 01-0018 VAP, Doc. No. 1.)[1] On March 1, 2002, the United States filed a superseding indictment charging Defendant with the same crimes as the original indictment. (Doc. No. 94.)

A jury convicted Defendant on both counts on November 27, 2002. On March 24, 2003, the Court sentenced him to 250 months incarceration and a five-year term of supervised release. Defendant appealed his conviction and sentence to the Ninth Circuit Court of Appeals, which affirmed the conviction, but remanded the case for hearing under Ameline[2] as to the sentence. United States v. Holler, 411 F.3d 1061 (9th Cir. 2004). After a hearing on January 31, 2006, the Court declined to impose

---

[1] Many of the documents filed in support appear on both the civil docket for this case, ED CV 10-0288 VAP, and on the docket for the underlying criminal case, United States v. Holler, ED CR 01-0018 VAP. Unless otherwise noted, all citations to docket numbers refer to the criminal case docket.

[2] United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005).

a sentence different from its original sentence. (See Doc. No. 301.)

### III.  DISCUSSION

Defendant asserts three grounds in his motion for relief under section 2255: (1) his conviction was obtained "by use of evidence gained pursuant to an unconstitutional search and seizure" (Mot. at 5a); (2) his conviction was obtained "by the unconstitutional failure of the prosecution to disclose to the defendant favorable information to the defendant" (Mot. at 5a-5b); and (3) he was denied the effective assistance of counsel (Mot. at 5c).

**A.  Defendant's First Claim: Violation of the Fourth Amendment**

In his first claim, Defendant asserts he was convicted because the Government relied on a "flash warrant" that it obtained improperly. (Mot. at 5a.) Defendant's first claim is not cognizable as it is procedurally barred.

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in

habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is actually innocent." Id. at 622 (internal citations omitted); see also United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1994) (sentencing errors not raised on direct appeal are waived and may not be reviewed by section 2255 motion). A defendant can demonstrate "cause" by showing "that some objective factor external to the defense impeded his adherence to the procedural rule." United States v. Skurdal, 341 F.3d 921, 925 (9th Cir. 2003) (citation and internal quotation omitted).

Defendant previously litigated the propriety of the warrant as part of his outrageous government conduct claim, but at that time did not allege that the flash warrant violated his Fourth Amendment rights against unlawful search and seizure. Accordingly, Defendant cannot assert his Fourth Amendment claim now unless he demonstrates cause and actual prejudice. Schlesinger, 49 F.3d at 485.

Here, Defendant does not argue, much less produce any evidence, why he could not raise his Fourth Amendment claim during trial proceedings or on direct appeal after his conviction. Hence, Defendant procedurally defaulted on his first claim, and because he did not demonstrate cause excusing the default, Defendant's first claim is

barred. United States v. Braswell, 501 F.3d 1147 (9th Cir. 2007).

**B. Defendant's Second Claim: Violation of the Fifth and Sixth Amendments for Failure to Disclose Allegedly Exculpatory Information**

Defendant next asserts the Government failed to disclose exculpatory evidence in violation of the Fifth and Sixth Amendments. (Mot. at 5a-c.)

**1. Issues Raised in Defendant's Motion**

Defendant contends the Government failed to disclose: (1) the existence and identities of law enforcement agencies working in Canada; and (2) the identities of Government informants in Canada, Colombia, and the United States. Defendant asserts the Government's purported failure to disclose this information violated his Fifth and Sixth Amendment rights. Defendant cannot raise a claim based on these assertions, however, as he procedurally defaulted such claims and does not demonstrate "cause" excusing his default.

In his pretrial motions, Defendant sought discovery of the same documents he seeks now. For example, before trial Defendant moved to compel:

- the "[n]ame & address of each cooperating witness" (Doc. No. 125 (Def.'s Mot. to Dismiss and Mot. to Compel Disc.) 24:9);
- the "name and current whereabouts if [sic] any eyewitness to the underlying events of this case . . . whom the government does not anticipate calling as a witness at trial and a copy of any statement made by or summary of an interview with such a witness" (Id. at 25:16-19);
- "All information, records and transcripts which in any way indicate or reveal that any prospective government witness, in connection with this or any other case, has provided untruthful, false, misleading, incomplete, or inaccurate information or testimony" (Id. at 26:10-13);
- "the sources of information which will allow defendants [sic] to make his own pursuit of impeaching information" (Doc. No. 136 (Def.'s Reply in Support of Mot. to Dismiss and Mot. to Compel) 32:6-7); and
- "personnel files [of state and federal law enforcement officers] which are material to the credibility of the agents, informants, or cooperating witnesses." (Id. at 34:22-23.)

At no time after the Court ruled on Defendant's motion, granting it in part, did Defendant assert the documents

produced were insufficient or incomplete, or that the Government's responses were otherwise insufficient or violated Defendant's Fifth or Sixth amendment rights. Accordingly, although Defendant had an opportunity to raise his Fifth and Sixth amendment claims at trial, he elected not to do so. Hence, as Defendant did not raise either issue during trial or in his direct appeal, Defendant procedurally defaulted his second claim for relief, violation of his Fifth and Sixth amendment rights.

Moreover, as with Defendant's first claim, he offers no evidence demonstrating "cause" excusing his default. Thus, as his claim is not subject to an exception to the procedural default rule, Defendant's second claim is procedurally barred. See Braswell, 501 F.3d at 1150; Skurdal, 341 F.3d at 925; Schlesinger, 49 F.3d at 485.

**2. Defendant's Freedom of Information Act Request**

In his Reply brief, Defendant argues cause exists to excuse his procedural default because, after he filed his motion, he learned about additional documents from a letter received in response to a Freedom of Information Act ("FOIA") request (respectively, "FOIA response" and "FOIA request").[3] The Court need not consider this

---

[3] Any "cause" resulting from the FOIA response would relate only to those documents identified in the FOIA
(continued...)

7

argument, as Defendant raises it for the first time in his reply brief. See Microsoft Corp. v. i4i Ltd. P'ship, No. 10-290, 564 U.S. ___, 131 S. Ct. 2238, 2011 WL 2224428, at *11 (Jun. 9, 2011) (refusing to consider an argument raised for the first time in a reply brief, and noting such argument "comes far too late" (citation omitted)); Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); see also Delgadillo v. Woodford, 527 F.3d 919, 930 n.4 (9th Cir. 2008) (arguments raised for the first time in a habeas petitioner's reply are deemed waived). Defendant does not articulate when he submitted his FOIA request, or how the FOIA request could constitute cause sufficient to excuse Defendant's procedural default.

The Court nevertheless exercises its discretion to consider Defendant's untimely argument, as Defendant filed his Motion on February 23, 2010, but did not receive the FOIA response until March 9, 2010. (Compare ED CV 10-288, Doc. No. 1 with ED CV 10-288, Doc. No. 9, Ex. 1.) Defendant appears to argue that because he did not receive the FOIA response until after filing his

---

[3](...continued)
response. Defendant does not articulate, nor can the Court discern, how the FOIA response would excuse the procedural default for claims relating to those documents discussed in Section III.B.1. Hence, it is possible the FOIA response may demonstrate cause as to documents first discovered in the FOIA request only.

motion, he has demonstrated "cause" excusing the procedural default. The Court need not determine whether the FOIA response constitutes "cause," as Defendant's claim fails substantively.

To succeed on a <u>Brady</u> claim, a petitioner must show that: (1) the evidence was exculpatory or impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the suppressed evidence was material to his guilt or punishment. <u>Banks v. Dretke</u>, 540 U.S. 668, 691 (2004); <u>see also</u> <u>United States v. Pelisamen</u>, ___ F.3d ___, 2011 WL 1378640 (Apr. 13, 2011). "The proponent of a <u>Brady</u> claim - i.e., the defendant - bears the initial burden of producing some evidence to support an inference that the government possessed or knew about material favorable to the defense and failed to disclose it." <u>United States v. Price</u>, 566 F.3d 900, 910 (9th Cir. 2009) (footnote omitted); <u>see also</u> <u>United States v. Si</u>, 343 F.3d 1116, 1122 (9th Cir. 2003) ("A defendant has the burden of showing that withheld evidence is material." (citation omitted).

Here, Defendant does not satisfy his burden. Defendant offers no evidence demonstrating the documents referred to in the FOIA response constitute material evidence, is favorable to Defendant, or that the Government failed to disclose the documents before or

during Defendant's trial.  Rather, the FOIA response indicates only that documents responsive to Defendant's FOIA request exist.  Hence, Defendant has not satisfied his "initial burden of producing some evidence to support an inference that the government possessed or knew about material favorable to the defense and failed to disclose it."  Price 566 F.3d, 2009.

Defendant relies on Thomas v. Goldsmith, 979 F.2d 746, 749-50 (9th Cir. 1992), for the proposition that the Government must disclose exculpatory evidence even where a habeas petitioner has procedurally defaulted on a claim.  Here, however, Defendant has not procedurally defaulted his claim as to those documents identified in the FOIA response; instead, his claim as to those documents fails substantively under Brady.  Moreover, Thomas is distinguishable; there, the defendant asserted an "actual innocence" claim and sought evidence exclusively in the government's control, which the government refused to disclose.  Here, however, Defendant does not assert an actual innocence claim, and the FOIA response specifically articulates how Defendant may obtain a copy of the documents.  Accordingly, Defendant's reliance on Thomas is misplaced.

The Court therefore denies Defendant's second claim for the foregoing procedural and substantive reasons.

## C. Ineffective Assistance of Counsel Claim

In his final claim, Defendant asserts he is entitled to relief under section 2255 because his prior counsel provided ineffective assistance by: (1) failing to submit motions to compel; (2) preventing Defendant from testifying at trial; and (3) preventing Defendant from participating in a pre-sentence investigation.

To establish ineffective assistance of counsel, a defendant must prove (1) "counsel's representation fell below an objective standard of reasonableness," and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694; <u>see also</u> <u>Franklin v. Johnson</u>, 290 F.3d 1223, 1237 (9th Cir. 2002) (quoting <u>Strickland</u>).

A claim of ineffective assistance of counsel requires proof of both of these elements. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." <u>Strickland</u>, 466 U.S. at 697. Moreover, a defendant must "overcome the

presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" <u>Strickland</u>, 466 U.S. at 694 (quoting <u>Michel v. Louisiana</u>, 350 U.S. 91, 101 (1955)).

### 1. Motions to Compel

Defendant asserts his prior counsel did not assist him effectively because prior counsel failed to submit motions to compel "all withheld evidence relating to the investigation of [Defendant] including the names and identities of informants and agencies, as well as substantial information on government misconduct." (Mot. at 5d.) Defendant's claim is belied by the record; even if it were not, the claim fails substantively.

First, as discussed in Section III.B.1., before trial, Defendant's previous attorney filed a motion to compel the documents he seeks now. (<u>See</u> Section III.B.1., <u>supra</u>; <u>see also</u> Doc. Nos. 125 at 24-26, 136 at 32-34.) Accordingly, because his attorney moved to compel the same documents he seeks now, his claim that his attorney provided ineffective assistance by not seeking the documents lacks merit.

Defendant's claim also fails substantively. "It is well settled that '[c]onclusory allegations which are not

12

supported by a statement of <u>specific facts</u> do not warrant habeas relief.'" <u>Jones v. Gomez</u>, 66 F.3d 199, 205 (9th Cir. 1995) (citing <u>James v. Borg</u>, 24 F.3d 20, 26 (9th Cir. 1994) (emphasis added)); <u>see also</u> <u>Boehme v. Maxwell</u>, 423 F.2d 1056, 1058 (9th Cir. 1970); <u>cf.</u> <u>Shah v. United States</u>, 878 F.2d 1156, 1160-61 (9th Cir. 1989) ("Mere conclusory allegations do not warrant an evidentiary hearing." (citations omitted)). Here, Defendant's claim for relief does not set forth any facts supporting his claim, but instead makes the conclusory assertion that the Government withheld evidence, and that such evidence included the names and identities of informants and agencies and information related to Government misconduct. Defendant does not identify what the evidence is, how it weighs against his conviction, or how it demonstrates Government misconduct. Thus, as Defendant states only conclusory allegations not supported by a statement of specific facts, he is not entitled to habeas relief on this claim. <u>Jones</u>, 66 F.3d at 205.

Moreover, because Defendant fails to provide specific facts supporting his Motion, he does not satisfy his burden of demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. Accordingly,

Defendant's ineffective assistance claim based on his counsel's decision not to file motions to compel fails. See Hendricks v. Calderon, 70 F.3d 1032, 1042 (9th Cir. 1995) (holding that a defendant could not meet the prejudice prong under Strickland where he did not specify what exculpatory evidence an investigation would reveal).

**2. Defendant Testifying at Trial**

Defendant next asserts his prior lawyers did not assist him effectively because they did not allow Defendant to testify. Under binding Ninth Circuit law, this claim is procedurally barred.

A waiver of the right to testify must be knowing and voluntary, but it need not be explicit; rather, "a defendant is 'presumed to assent to his attorney's tactical decision not to have him testify.'" United States v. Pino-Noriega, 189 F.3d 1089, 1095 (9th Cir. 1999) (quoting United States v. Joelson, 7 F.3d 174, 177 (9th Cir. 1993)); United States v. McCaleb, 552 F.3d 1053, 1058 (9th Cir. 2009) (citing Pino-Noriega with approval). Moreover, a "district court has no duty to affirmatively inform defendants of their right to testify, or to inquire whether they wish to exercise that right." Pino-Noriega, 189 F.3d at 1094-95 (citing United States v. Edwards, 897 F.2d 445, 447 (9th Cir. 1990); United States v. Martinez, 883 F.2d 750, 760 (9th Cir.

14

1989), <u>vacated on other grounds</u>, 928 F.2d 1470 (9th Cir. 1991)). "[W]aiver of the right to testify may be inferred from the defendant's conduct and is presumed from the defendant's failure to testify or notify the court of his desire to do so." <u>Joelson</u>, 7 F.3d at 177. "A defendant who wants to reject his attorney's advice and take the stand may do so 'by insisting on testifying, speaking to the court, or discharging his lawyer.'" <u>Pino-Noriega</u>, 189 F.3d at 1095 (citing <u>Joelson</u>, 7 F.3d at 177.) When a defendant remains "silent in the face of his attorney's decision not to call him as a witness," he waives the right to testify. <u>Id.</u> (citing <u>United States v. Nohara</u>, 3 F.3d 1239, 1244 (9th Cir. 1993)). "Clearly, if the defendant says nothing until after the verdict has been read, the right has been waived." <u>Id.</u> (citation omitted).

Here, Defendant first raised this issue in this Motion; he thus "said nothing" until after the verdict was read, the trial had concluded, the Court sentenced him, the Ninth Circuit affirmed his conviction, Defendant was resentenced, and the Ninth Circuit affirmed this Court's resentencing decision. Accordingly, by failing to "speak up to assert [his] right" to testify, Defendant waived this right. The Court therefore denies this claim.

15

Even if this claim were not procedurally barred, Defendant's conclusory allegations do not demonstrate how he was prejudiced here given "the substantial evidence against [him], including photographs of him testing the cocaine, recordings of purchase negotiations and the payment of over $350,000 towards the purchase of cocaine." United States v. Holler, 411 F.3d 1061, 1066 (9th Cir. 2005); (see also Doc. No. 219 (Order Denying Mot. for a New Trial) at 9:20-27). Given the overwhelming Government evidence, Defendant does not demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

### 3. Pre-Sentence Investigation

Defendant also asserts his prior counsel did not assist him effectively because prior counsel prevented Defendant from submitting a financial affidavit as part of the pre-sentence investigation, which "le[ft] the [J]udge with no choice but to impose the maximum fine: $16,000,000.00." (Mot. at 5d.) Defendant's claim fails for two reasons.

First, Defendant's claim fails because he had no constitutional right to counsel during the pre-sentence interview in the first instance. To assert a claim based

on ineffective assistance of counsel, a defendant must have a constitutional right to counsel. <u>Wainwright v. Torna</u>, 455 U.S. 586, 587-88 (1982) (stating that "[s]ince respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel . . . .").

Further, the Ninth Circuit has held that, because the pre-sentence interview is not a "critical proceeding," defendants in non-capital cases do not have a constitutional right to counsel during the interview. <u>Baumann v. United States</u>, 692 F.2d 565, 578 (9th Cir. 1982); see also <u>United States v. Leonti</u>, 326 F.3d 1111, 1119 (9th Cir. 2003) (distinguishing "the period of attempted cooperation from the 'presentence interview,' which we have held is not a critical stage." (citing <u>Baumann</u>)); but see <u>United States v. Herrera-Figueroa</u>, 918 F.2d 1430 (9th Cir. 1991) (declining to rule on whether pre-sentence interviews are a "critical stage" for Sixth Amendment purposes, but exercising the court's supervisory power to require probation officers permit defense attorneys to accompany defendants in all pre-sentence interviews) as recognized in <u>Hoffman v. Arave</u>, 236 F.3d 523, 540 (9th Cir. 2001).

1    As Defendant's pre-sentence interview was not a
2 critical stage entitling Defendant to a Sixth Amendment
3 right to counsel, Defendant cannot raise an ineffective
4 assistance claim based his counsel's advice not to submit
5 to the pre-sentence interview.  See, e.g., United States
6 v. Gordon, 4 F.3d 1567, 1572 (10th Cir. 1993) ("Given
7 that Defendant had no Sixth Amendment right to the
8 presence or advice of counsel during the presentence
9 interview, he cannot obtain relief for original counsel's
10 failure to inform him of his Fifth Amendment right to
11 refuse to answer the probation officer's presentence
12 interview questions." (citing Torna, 455 U.S. at 587-88).
13 Hence, Defendant is not entitled to relief on this claim.

15    Second, even assuming Defendant were constitutionally
16 entitled to counsel, his argument fails because his
17 counsel made a reasonable, strategic decision to advise
18 him not to submit to a pre-sentence interview.
19 Defendant's counsel states in her declaration that she
20 "recall[s] deciding that [Defendant] would not submit to
21 a pre-sentence interview" because her "focus was on the
22 Motion for New Trial, and [she] feld that an interview
23 would be premature."  (Doc. No. 334-1 (Decl. of Jennie L.
24 Wang), Ex. E (Decl. of Zenia Gilg) ¶ 3.)

"There comes a point where a defense attorney will reasonably decide that another strategy is in order, thus mak[ing] particular investigations unnecessary." Cullen v. Pinholster, 563 U.S. __, 131 S. Ct. 1388, 1408 (2011) (citations and internal quotations omitted) (alteration in original). "Those decisions are due 'a heavy measure of deference.'" Id.; see also Leavitt v. Arave, __ F.3d __, 2011 WL 1844064, at *2 (9th Cir. May 17, 2011) ("Judicial scrutiny of counsel's performance is highly deferential." (citing Strickland, 466 U.S. at 690)). "[S]trategic choices made after a thorough investigation of law and facts relevant to plausible options are virtually unchallengable." Leavitt, 2011 WL 1844064, at *2 (quoting Strickland, 466 U.S. at 690). Hence, to prove an attorney's deficient performance, a petitioner must demonstrate that the attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir. 1985).

Defendant's counsel's strategic decision to advise Defendant not to submit to a pre-sentence interview was not unreasonable and is entitled to a "heavy measure of deference." Given that Defendant's counsel was focusing on obtaining a new trial for Defendant, it was reasonable to instruct Defendant not to submit to a pre-sentence interview, as Defendant may have made admissions

undercutting the force of his pending new trial motion. Since "surmounting Strickland's high bar is never an easy task," and Defendant's counsel's strategic decision was a reasonable one, Defendant's ineffective assistance claim fails. Pinholster, 131 S. Ct. at 1408 (citation, quotation, and alteration omitted).

**IV. CONCLUSION**

As each of Defendant's claims are either procedurally barred, or are substantively deficient, the Court DENIES Defendant's Motion WITH PREJUDICE.

Dated: July 6, 2011

                                    VIRGINIA A. PHILLIPS
                                United States District Judge